UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>                              Plaintiff,<br><br>         -against-<br><br>RICHARD CASEY, ET AL.,<br><br>                              Defendants. | 25-CV-1851 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On May 2, 2025, the Court dismissed the complaint because Plaintiff did not file an application to proceed *in forma pauperis* or pay the $405.00 in fees necessary to bring a civil action in this court. (ECF 5.) The Clerk of Court entered judgment on May 5, 2025. (ECF 6.) On September 26, 2025, more than four months after the Court dismissed this action, Plaintiff submitted the $405.00 in fees. Because payment of the fees to bring an action after that action has been dismissed is not a basis to reopen the action, the Court directed the Clerk of Court to return the payment to Plaintiff and noted that, if she wished to pursue her claims, she must refile the complaint and pay the required filing fees at that time. (ECF 8.) On November 17, 2025, Plaintiff filed, in this action, a Motion to Reconsider or Set Aside the Dismissal Order and to Extend Time to Serve the Defendant with Summons and Complaint. (ECF 9.)

      The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency

in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court dismissed this action without prejudice because Plaintiff did not pay the filing fees or submit an application to proceed *in forma pauperis*. As the Court has previously noted, if Plaintiff wishes to proceed with her claims, she may refile the complaint in a new civil action and pay the filing fees at that time. This action remains closed.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 9) is denied. The Clerk of Court is directed to terminate all motions in this action. This action remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 24, 2025
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge